**James Dean PARKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–01–033–CR.**

Court of Appeals of Texas,
Waco.

Jan. 16, 2002.

John M. Barron, Jr., Attorney At Law, Bryan, for appellant.

Charles J. Sebesta, Jr., Burleson County Dist. Atty., Brenham, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

**ABATEMENT ORDER**

PER CURIAM.

James Dean Parker pled guilty in October 2000, without benefit of a plea bargain agreement, to the felony offense of possession of methamphetamine. He was sentenced to eighteen months imprisonment in a state jail facility. His retained lawyer timely filed a notice of appeal.

The clerk's record was filed in January 2001. However, Parker's attorney, John M. Barron, failed to order the reporter's record. Our attempts through correspondence with Barron were unsuccessful in this regard. Consequently, the appeal proceeded on the clerk's record alone. TEX.R.APP. P. 37.3(c). We informed Barron that a brief was due on September 8, 2001. When we did not receive a brief, we notified him that the failure to file a brief or other satisfactory response by November 19 would result in the abatement of this cause for a hearing to assure that Parker is receiving effective assistance of

counsel. *See* Tex.R.App. P. 38.8(b)(2); *In re Prentice,* 848 S.W.2d 717 (Tex.App.— Corpus Christi 1993, orig. proceeding).

On November 16, 2001, Barron filed a "Motion to Dismiss Appeal." The motion was not signed by Parker as required by rule. *Id.* 42.2(a). It stated: "Although it was Defendant's initial intention to appeal said cause, it was discovered that he had charges from other jurisdictions, and his family has requested that the appeal be denied." We denied the motion on December 5, 2001.

Therefore, we abate this cause to the trial court with instructions to hold a hearing within twenty days after the date of this order to determine: (1) why no brief has been filed on Parker's behalf; (2) whether Parker desires to proceed with the appeal; and (3) whether Parker is indigent. Tex.R.App. P. 38.8(b)(1). If Parker no longer wishes to pursue an appeal, he and his counsel must sign and file a written withdrawal of his notice of appeal. *Id.* 42.2.

If Parker is indigent, the trial court shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. *Id.* 38.8(b). However, if he desires to proceed *pro se,* the trial court is directed to determine, on the record, his ability and capacity to knowingly and intelligently waive his right to counsel. *See Hathorn v. State,* 848 S.W.2d 101, 122–23 (Tex.Crim.App.1992); *Ex parte Davis,* 818 S.W.2d 64, 66–68 (Tex.Crim.App.1991). If Parker wishes to waive his right to counsel, a knowing and intelligent waiver of such right must appear on the record.

The trial court clerk shall forward a complete record of the hearing, with the trial court's findings of fact and conclusions of law, to the clerk of this court within thirty days after the date of this order. If Parker has not abandoned his appeal, the trial court shall inform his attorney that a brief is due within thirty days after the date of the hearing in the trial court.