**Michael Williams HENDRIX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 10–01–337–CR, 10–01–338–CR.**

Court of Appeals of Texas, Waco.

Aug. 28, 2002.

Michael Williams Hendrix, Huntsville, pro se.

Charles A. Rosenthal, Jr., Harris County Dist. Atty., Houston, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

PER CURIAM.

Michael Williams Hendrix pleaded guilty to credit card abuse in trial court cause number 869,104 (our cause number 10–01–337–CR) and guilty to fraudulently using the identifying information of another in trial court cause number 877,482 (our cause number 10–01–338–CR). Pursuant to the State's plea recommendation, the court assessed Hendrix's punishment at ten years' imprisonment in each case and ordered that the sentences run concurrently. The trial court granted Hendrix permission to appeal the court's ruling on certain pretrial motions.

We have previously abated these appeals twice. On February 20, 2002, we abated the appeals for a hearing to determine why no brief had been filed on Hendrix's behalf. *See* Tex.R.App. P. 38.8(b)(2); *Parker v. State*, 63 S.W.3d 593, 594 (Tex. App.-Waco 2002, order, no pet.). At the abatement hearing, the trial court permitted Hendrix's retained counsel to withdraw and offered to appoint counsel to represent him. Hendrix declined and informed the court that he would retain other counsel.

After Hendrix failed to advise this Court regarding the identity of his new counsel, we abated the appeal a second time on July 3 for a hearing to insure that he fully understood: his right to retain counsel of his own choosing, his right to court-appointed counsel if indigent, and his right to self-representation. At this abatement hearing, Hendrix advised the trial court that he understands all these rights. He told the trial court that he "want[s] to drop the appeal." The court reminded Hendrix again of his rights. Hendrix repeated his desire "to drop the appeal."

Rule of Appellate Procedure 42.2(a) provides:

At any time before the appellate court's decision, the appellate court may dismiss the appeal if the party that appealed withdraws its notice of appeal—by filing a written withdrawal in duplicate with the appellate clerk, who must immediately send the duplicate copy to the trial court clerk. An appellant must personally sign the written withdrawal.

Tex.R.App. P. 42.2(a).

Under similar circumstances, the First Court of Appeals applied Rule of Appellate Procedure 2 [1] to excuse an appellant from Rule 42.2(a)'s requirement of a written withdrawal when the appellant's lawyer refused to draft a written withdrawal even though his client stated on the record her desire to withdraw her appeal. *See Conners v. State*, 966 S.W.2d 108, 110–11 (Tex. App.-Houston [1st Dist.] 1998, pet. ref'd).

We agree that this is an appropriate application of Rule 2. Hendrix has plainly

---

1. "On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure; but a court must not construe this rule to suspend any provision in the Code of Criminal Procedure or to alter the time for perfecting an appeal in a civil case." Tex.R.App. P. 2.

stated his desire "to drop the appeal." Accordingly, his appeal is dismissed. *Id.*