Michael Williams Hendrix v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-337-CR
No. 10-01-338-CR

Â Â Â Â Â MICHAEL WILLIAMS HENDRIX,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 338th District Court
Harris County, Texas
Trial Court Nos. 869,104 and 877,482
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Michael Williams Hendrix pleaded guilty to credit card abuse in trial court cause number
869,104 (our cause number 10-01-337-CR) and guilty to fraudulently using the identifying
information of another in trial court cause number 877,482 (our cause number 10-01-338-CR). 
Pursuant to the Stateâs plea recommendation, the court assessed Hendrixâs punishment at ten
yearsâ imprisonment in each case and ordered that the sentences run concurrently. The trial court
granted Hendrix permission to appeal the courtâs ruling on certain pretrial motions.
Â Â Â Â Â Â We have previously abated these appeals twice. On February 20, 2002, we abated the appeals
for a hearing to determine why no brief had been filed on Hendrixâs behalf. See Tex. R. App. P.
38.8(b)(2); Parker v. State, 63 S.W.3d 593, 594 (Tex. App.âWaco 2002, order, no pet.). At the
abatement hearing, the trial court permitted Hendrixâs retained counsel to withdraw and offered
to appoint counsel to represent him. Hendrix declined and informed the court that he would retain
other counsel.
Â Â Â Â Â Â After Hendrix failed to advise this Court regarding the identity of his new counsel, we abated
the appeal a second time on July 3 for a hearing to insure that he fully understood: his right to
retain counsel of his own choosing, his right to court-appointed counsel if indigent, and his right
to self-representation. At this abatement hearing, Hendrix advised the trial court that he
understands all these rights. He told the trial court that he âwant[s] to drop the appeal.â The
court reminded Hendrix again of his rights. Hendrix repeated his desire âto drop the appeal.â
Â Â Â Â Â Â Rule of Appellate Procedure 42.2(a) provides:
At any time before the appellate court's decision, the appellate court may dismiss the
appeal if the party that appealed withdraws its notice of appealâby filing a written
withdrawal in duplicate with the appellate clerk, who must immediately send the duplicate
copy to the trial court clerk. An appellant must personally sign the written withdrawal.

Tex. R. App. P. 42.2(a).
Â Â Â Â Â Â Under similar circumstances, the First Court of Appeals applied Rule of Appellate Procedure
2


 to excuse an appellant from Rule 42.2(a)âs requirement of a written withdrawal when the
appellantâs lawyer refused to draft a written withdrawal even though his client stated on the record
her desire to withdraw her appeal. See Conners v. State, 966 S.W.2d 108, 110-11 (Tex.
App.âHouston [1st Dist.] 1998, pet. refâd). 
Â Â Â Â Â Â We agree that this is an appropriate application of Rule 2. Hendrix has plainly stated his
desire âto drop the appeal.â Accordingly, his appeal is dismissed. Id.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeal dismissed
Opinion delivered and filed August 28, 2002
Publish
[CR25]



ress the evidence
because of the search conducted without a warrant.  We overrule issue two.

Improperly Admitted Evidence

Â Â Â Â Â Â Â Â Â Â Â  Poole complains that the
trial court abused its discretion in admitting three exhibits, including the
actual methamphetamine, its packaging, and DPS analysis report, because the
State failed to establish the chain of custody and because the foundation for
admitting the evidence was not properly laid.Â  Beightol objected to the
admission on these grounds to the trial court; Poole did not.Â  Additionally,
there is nothing in the record to establish that either party was adopting the
objections of the other party.Â  A co-defendant canÂ adopt by reference the
objections of another co-defendant. Â State v. Manley, 220 S.W.3d 116,
128 (Tex. App.ÂWaco 2007, no pet.); Martinez v. State, 833 S.W.2d 188,
191 (Tex. App.ÂDallas 1992, pet. ref'd).Â  If, however, a defendant does not
voice his own personal objection and does not adopt that of his co-defendant,
he may not rely on his co-defendant's objection to preserve error. Â See
Lerma v. State, 679 S.W.2d 488, 498 (Tex. Crim. App. 1982); Martinez , 833 S.W.2d at 191.Â  See also Tex.
R. App. P. 33.1(a) (in order to preserve error for appeal, a party must
timely object to the trial court).Â  This error was not properly preserved by Poole.Â  We overrule issues three and four.

Â 

Directed Verdict, Legal and Factual Sufficiency

Â Â Â Â Â Â Â Â Â Â Â  Poole argues that the court erred in
denying his motion for an instructed verdict and that the evidence was both
legally and factually insufficient to sustain his conviction.Â  An instructed
(or directed) verdict is a challenge to the legal sufficiency of the evidence,
so we will review those issues together. Â Williams v. State, 937 S.W.2d
479, 482 (Tex. Crim. App. 1996).Â  In reviewing the legal sufficiency of the
evidence, this Court looks at all of the evidence in the light most favorable
to the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.Â  Jackson v.
 Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); Bigon
v. State, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008).

Â Â Â Â Â Â Â Â Â Â Â  Under a legal sufficiency review, we
consider all of the evidence admitted, both properly and improperly admitted,
as well as direct and circumstantial evidence.Â  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001).Â  The jury, as sole judge of the
witnesses' credibility and the weight to be given their testimony, is free to
accept or reject any or all of the evidence presented by either side. Â See
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).Â  The
reviewing court must give deference to "the responsibility of the trier of
fact to fairly resolve conflicts in testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts."Â  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. at 318-19).Â  Circumstantial evidence is as probative as
direct evidence in establishing the guilt of an actor and can alone be
sufficient to establish guilt.Â  Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

In a factual-sufficiency review, there is only one
question to be answered: ÂConsidering all of the evidence in a neutral light,
was a jury rationally justified in finding guilt beyond a reasonable doubt?ÂÂ  Grotti
v. State, 273 S.W.3d 273, 283 (Tex. Crim. App. 2008); Watson v. State,
204 S.W.3d 404, 415 (Tex. Crim. App. 2006).Â  Evidence can be factually
insufficient in one of two ways: (1) when the evidence supporting the verdict
is so weak that the verdict seems clearly wrong and manifestly unjust; and (2)
when the supporting evidence is outweighed by the great weight and
preponderance of the contrary evidence so as to render the verdict clearly wrong
and manifestly unjust.Â  Roberts v. State, 220 S.W.3d 521, 524 (Tex.
Crim. App. 2007) (citing Watson, 204 S.W.3d 404, 414-15 (Tex. Crim. App.
2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see
also Castillo v. State, 221 S.W.3d 689, 693 (Tex. Crim. App. 2007). Â "[A]n
appellate court must first be able to say, with some objective basis in the
record, that the great weight and preponderance of the . . . evidence
contradicts the jury's verdict before it is justified in exercising its
appellate fact jurisdiction to order a new trial."Â  Watson, 204
S.W.3d at 417. Â A reversal for factual insufficiency
cannot occur when "the greater weight and preponderance of the evidence
actually favors conviction."Â  Roberts, 220 S.W.3d at 524.Â  

Although an appellate court has the ability to
second-guess the jury to a limited degree, the factual-sufficiency review
should still be deferential, with a high level of skepticism about the jury's
verdict required before a reversal can occur.Â  Grotti v. State, 273
S.W.3d 273, 283 (Tex. Crim. App. 2008); Watson, 204 S.W.3d at 417.Â  An
appellate court judge cannot conclude that a conviction is "clearly
wrong" or "manifestly unjust" simply because, on the quantum of
evidence admitted, he would have voted to acquit had he been on the jury.Â  Watson,
204 S.W.3d at 714.Â  Nor can an appellate court judge declare that a conflict in
the evidence justifies a new trial simply because he disagrees with the jury's
resolution of that conflict.Â  Id.Â  The verdict may be set aside only if it
is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.Â  Grotti, 273 S.W.3d at 280.

Poole contends that the evidence is legally
insufficient because a rational juror could not find beyond a reasonable doubt
that Poole was aware that the controlled substances were inside his van on the
date alleged based on an officerÂs testimony that an informant indicated there
were drugs inside the van.Â  The informant had met Poole in a grocery store to
set up the transaction, which would be 14 grams of methamphetamine for
$550.00.Â  The evidence also showed that Poole, his co-defendant Beightol, and
the informant had phone conversations between them that indicated that a
financial transaction was to take place at a certain time and location.Â  PooleÂs voice is identified on the recording as saying, ÂIÂll hand you that, you hand me
the money,Â referring to the stick of deodorant.Â  The officers considered that
the agreed price of $550.00 was a reasonable amount on the street for the amount
of drugs to be purchased.Â  The informant indicated with a pre-arranged signal
to law enforcement officers who were observing PooleÂs vehicle that there were
drugs inside the vehicle.Â  An empty deodorant container with the removed stick
of deodorant was located near Poole in the van.Â  The drugs were located in the
van which Poole was driving.Â  The evidence was legally sufficient for the jury
to find that Poole was aware that the controlled substances were in his van.

Poole argues that the evidence was factually
insufficient because there was insufficient evidence that Poole delivered or
possessed with the intent to deliver any controlled substance.Â  More
specifically, Poole avers that the only evidence offered in this regard was
from the testimony of the arresting officer, who Âmerely offered his opinionÂ
that Poole was attempting to deliver the methamphetamine to the informant.Â  Poole also contended that the informant was unreliable, had never been used by law
enforcement before or since that day, and that the informantÂs information
should have been corroborated or he should have testified at the trial.Â 
However, the officer also testified without objection that he knew of PooleÂs
reputation for dealing drugs to at least three low level dealers in the county,
he had listened in on the phone conversations between the informant, Poole, and
Beightol, and the informant indicated that drugs were in the vehicle.Â 
Additionally, the recordings of the phone conversations, the drugs, and the
deodorant stick and container found in the vehicle were before the jury.Â  Reviewing
the evidence under the appropriate standards, giving deference to the jury as
the determiner of facts and the credibility of the witnesses, we find the
evidence was both legally and factually sufficient to sustain PooleÂs
conviction.Â  We overrule issues five, six, and seven.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  We find that the trial court did not err in the denial of PooleÂs motion to suppress evidence.Â  We further find that PooleÂs objections to the
admission of evidence at trial were not properly preserved before the trial
court, and were therefore waived.Â  We find that the evidence was both legally
and factually sufficient to sustain the judgment.Â  We affirm the judgment of
conviction.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before Chief Justice
Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice Reyna,
and

Â Â Â Â Â Â Â Â Â Â Â  Justice Davis

Affirmed

Opinion delivered and
filed November 25, 2009

Do not publish

[CRPM]









[1]
Beightol has also appealed her conviction in No. 10-08-00374-CR.