MIke Arthur Hartsell v. State














IN THE
TENTH COURT OF APPEALS
 

No. 10-03-00255-CR

     MIKE ARTHUR HARTSELL,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law No. 1
Johnson County, Texas
Trial Court # M200202193
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellant’s counsel filed a motion to dismiss this appeal on November 20, 2003. We
denied the motion on December 10 because it was not signed by Appellant. See Tex. R. App.
P. 42.2(a); McClain v. State, 17 S.W.3d 310, 311 (Tex. App.—Waco 2000, no pet.) (per
curiam).
      Counsel stated in the motion that Appellant informed the trial court in a post-conviction
indigence hearing that he no longer desired to pursue the appeal. In response to our December
10 ruling, Appellant’s counsel has attempted to obtain Appellant’s signature for the motion. 
Counsel states in an April 8 letter that he has explained to Appellant that the signature is
required by the rules, yet Appellant has refused to cooperate. Appellant has refused to permit
counsel to come to his house for the signature and has informed counsel that he will not come
to counsel’s office to sign a dismissal motion.
      In view of Appellant’s lack of cooperation, we will suspend the requirement that Appellant
personally sign the motion. Cf. Hendrix v. State, 86 S.W.3d 762, 763-64 (Tex. App.—Waco
2002, no pet.) (mem. op.) (applying Rule 2 to suspend requirement that counsel file written
withdrawal of appeal after appellant stated on record in trial court that he desired “to drop the
appeal”). Otherwise, we would be required to abate this cause to the trial court to enforce this
particular requirement of Rule 42.2(a) or require preparation and filing of the reporter’s record
to confirm Appellant’s desire to dismiss the appeal. To do either would be an unnecessary
expenditure of limited judicial resources.
      Counsel states that his client is being uncooperative in complying with Rule 42.2(a). We
trust that counsel is fulfilling his duty of candor as an officer of the court. See Thompson v.
City of Corsicana Hous. Auth., 57 S.W.3d 547, 558 (Tex. App.—Waco 2001, no pet.) (citing
Tex. Disciplinary R. Prof’l Conduct 3.03, reprinted in Tex. Gov’t Code Ann., tit. 2,
subtit. G app. A (Vernon 1998)). Under these circumstances, we will not require Appellant’s
court-appointed trial counsel (or Johnson County) to undergo the expense of having the
reporter’s record prepared and filed to validate the truth of the allegations in his dismissal
motion (i.e., that Appellant told the trial court he no longer wished to pursue this appeal). See
Tex. R. App. P. 10.2(c) (motion must be verified or supported by affidavit if it depends on
facts “not within the personal knowledge of the attorney signing the motion.”). Nor will we
abate this matter to the trial court for further proceedings.
      On reconsideration, counsel’s motion to dismiss is granted. The appeal is dismissed.

                                                                   PER CURIAM

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray dissenting)
Appeal dismissed
Opinion delivered and filed June 30, 2004
Publish
[CR25]