IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00238-CR

 

Laura Ann Spurlock,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. F38067

 



MEMORANDUM  Opinion










 

          This Court abated this case because
Spurlock’s brief was past due.  At the appeal status hearing, and on the record
with counsel present, Spurlock told the trial court she wanted to “drop” her
appeal.

          Spurlock’s counsel filed a “motion to
dismiss” the appeal and attached the reporter’s record of the appeal status
hearing.  However, Spurlock did not personally sign the motion.  See Tex. R. App. P. 42.2(a) (“An appellant
must personally sign the written withdrawal.”).  Nevertheless, Spurlock, under
oath, testified that she no longer wished to pursue her appeal. This is a
sufficient basis on which to dismiss the appeal.  See Hendrix v.
State, 86 S.W.3d 762, 763-64 (Tex. App.—Waco 2002, no pet.); see also
Huzarevich v. State, No. 10-03-00160-CR, 2003 Tex. App. LEXIS 10657
(Tex. App.—Waco Dec. 17, 2003, no pet.) (not designated for publication); Tex. R. App. P. 2.

          Spurlock's appeal is dismissed.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed March 15, 2006

Do
not publish

[CR25]






intiffs' adoption of the child, holding the
Hughes did not have standing to bring the suit at the time it was
filed in December 1982. The court's opinion of March 7, 1985,
clearly set forth the underlying action and specifically
articulated why the Hughes lacked standing in the termination
proceedings. However, plaintiffs still failed to file their
malpractice suit within 2 years from this court's opinion. 
Plaintiffs contend that since the Supreme Court did not deny
their application for a writ of error to the Appeals Court's
judgment until June 5, 1985, that limitations should not commence
to run until 2 years after that date.
Limitations commenced from the time plaintiffs knew the facts
giving rise to their lawsuit and could have brought such suit, and
not when the Supreme Court refused their application for writ of
error. Pack v. Taylor, CCA (Fort Worth) NRE, 584 S.W.2d 484;
Woodburn v. Turley, 5th Cir.Ct.Appls, 625 F.2d 589.
We hold that plaintiffs had actual knowledge of all the facts
upon which they base their cause of action no later than March 7,
1985, and that limitations ran on their claim on March 7, 1987;
that their suit filed on May 21, 1987, was barred by the 2-year
statute of limitations; and that the trial court did not err in
rendering summary judgment that plaintiffs take nothing.
Points 1 and 2 are overruled.
 Point 3 asserts the trial court erred in granting
summary judgment against [plaintiffs'] actions based on
negligent or intentional failure to request and obtain a
hearing on termination when the 60-day period in which
the affidavit of relinquishment was irrevocable because
the discovery rule tolled those actions until plaintiffs
knew or should have known defendants did not request such
a hearing and the summary judgment evidence raises the
issue of when plaintiffs knew or should have known
[defendants] did not request a termination hearing within
the 60-day period.
As noted, supra, it is undisputed that defendants obtained no
hearing on the termination and adoption during the 60-day period
and it is undisputed that plaintiffs knew there was no hearing
within such period.
Point 3 is overruled.
 Point 4 asserts the trial court erred in granting
summary judgment on plaintiffs' causes of action based
upon negligent and intentional failure to request a
termination hearing within 60 days based on limitations
because the pleadings and evidence raises a material
issue of fact as to fraudulent concealment on the part of
defendants.
Plaintiffs assert that Mahaney concealed the reason for not
requesting a court hearing to terminate the mother's rights prior
to the 60 days until September 1987.
It is true that Mahaney first represented that the reason for
not having the hearing within the 60-day period was because of
scheduling problems of the court [the court sitting in 2 counties];
and that later on deposition he indicated it was because he learned
the mother had changed her mind.
The plaintiffs had actual knowledge that the hearing was not
held during the 60-day period as early as March 1983; and as
previously noted, at the very latest, plaintiffs knew all necessary
facts constituting their cause of action by March 7, 1985, when the
Court of Appeals' judgment and opinion was handed down.
Why Mahaney did not secure the termination within the 60 days
is not a controlling fact; the fact that he did not obtain a
hearing within the 60 days is the controlling fact.
Point 4 is overruled.
AFFIRMED
 
                          FRANK G. McDONALD
DO NOT PUBLISHChief Justice (Retired)

[Participating: Justices Hall and Means, and Chief Justice
McDonald (Retired)]