

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-18-00372-CR

**LISA TUIAN JEFFERSON,**

        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

        **Appellee**

_____

**From the 413th District Court**
**Johnson County, Texas**
**Trial Court No. DC-F201800364**

_____

## MEMORANDUM OPINION

_____

Lisa Tuian Jefferson appealed two judgments rendered against her on two counts in one trial court case number. The judgments were rendered, and the sentences were imposed, on September 17, 2018.

This appeal was dismissed on December 19, 2018 because we determined, with the information we had available, that appellant's notice of appeal was untimely. Although a motion for rehearing of the dismissal was untimely, it directed our attention to a pro se letter filed in the days after the trial court's judgment. Before our plenary power expired, we vacated our December 19, 2018 judgment and withdrew our opinion of the same date.

On February 27, 2019, we determined appellant's pro se letter was a notice of appeal and reinstated the appeal.

On March 7, 2019, and March 18, 2019, the trial court signed a new certificate of right of appeal indicating that appellant waived her right to appeal and that because the underlying case was a plea bargain case, appellant did not have the right to appeal. Also on March 7, 2019, a hearing was held where appellant expressed the desire to dismiss her appeal.[1]

Because the trial court's certificate of right of appeal that Jefferson signed indicates Jefferson has no right to appeal and has waived her right to appeal, this appeal must be dismissed. *See* TEX. R. APP. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules."); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (plea bargain); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (waiver of appeal). We use Rule 2 to excuse Rule 42.2(a)'s requirement of a written motion signed by the defendant and may dismiss the appeal because appellant plainly stated her desire on the record to dismiss her appeal. *See* TEX. R. APP. P. 2, 42.2(a); *Hendrix v. State*, 86 S.W.3d 762, 763 (Tex. App.—Waco 2002, no pet.).

For the reasons expressed herein, this appeal is dismissed.


TOM GRAY
Chief Justice

---

[1] On March 29, 2019, appellant also filed a motion to dismiss which was not signed by appellant but which had the referenced hearing transcript attached and relied upon it to request dismissal.

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Appeal dismissed
Opinion delivered and filed April 3, 2019
Do not publish
[CR25]

