

# NUMBER 13-20-00290-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## EX PARTE S.H.

---

**On appeal from the 54th District Court
of McLennan County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva
Memorandum Opinion by Justice Silva**

Appellant S.H. perfected an appeal challenging the trial court's denial of his application for writ of habeas corpus entered in trial court cause number 2020-558-C2A on June 12, 2020.[1]

On April 8, 2021, the State filed a motion to dismiss for mootness, contending that appellant was convicted and sentenced in this cause on April 8, 2021, and thus, appellant

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

was no longer being held on a pre-trial bail and the basis of his appeal had become moot. On April 22, 2021, this Court ordered the cause abated and remanded to the trial court to make a determination as to the aforementioned issue. On April 27, 2021, appellant filed a "Notice of Nonsuit" in the trial court, conceding he entered a plea of guilty in this cause, and as such, his application for habeas corpus is now moot, and he no longer wishes to proceed. The motion was signed by appellant and his attorney.

Rule of Appellate Procedure 42.2 provides:

At any time before the appellate court's decision, the appellate court may dismiss the appeal upon the appellant's motion. The appellant and his or her attorney must sign the written motion to dismiss and file it in duplicate with the appellate clerk, who must immediately send the duplicate copy to the trial court clerk.

TEX. R. APP. P. 42.2(a).

Although appellant's notice of nonsuit was filed in the trial court, we construe this notice as a request for dismissal. Under similar circumstances, the Tenth Court of Appeals applied Texas Rule of Appellate Procedure 2, which permits that an appellate court may, on its own initiative, "suspend a rule's operation in a particular case and order a different procedure," to excuse an appellant from Rule 42.2(a)'s written requirement where the appellant has made it clear before the trial court that he no longer wishes to proceed with his appeal. *See Hendrix v. State*, 86 S.W.3d 762, 763 (Tex. App.—Waco 2002, no pet.); *see also Ex parte Williams*, No. 10-19-00062-CR, 2019 WL 1291169, at *1 (Tex. App.—Waco Mar. 20, 2019, no pet.) (mem. op., not designated for publication) (dismissing an appeal of a pretrial writ of habeas corpus rendered moot by an entry of guilty plea in underlying case). The State, having written its own motion for dismissal, is

2

in agreement with appellant. *See* TEX. R. APP. P. 42.2(a). Additionally, we have not issued a decision in the appeal. *See id.*

Accordingly, we find appellant has plainly stated his desire to dismiss this appeal for mootness, and this cause presents an appropriate application of Rule 2. *See id.* R. 2, 42.2, 43.2(f). We hereby dismiss this appeal. All other motions pending before this Court are hereby denied as moot.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
6th day of May, 2021.

3