# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00684-CR
## NO. 03-22-00685-CR

---

**Roman Turullos-Gonzalez, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY
### NOS. D-1-DC-10-203463 & D-1-DC-12-301065,
### THE HONORABLE KAREN SAGE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

After Appellant Roman Turullos-Gonzalez pleaded true to allegations that he violated the terms of his community supervision, he was adjudicated guilty of two offenses committed in 2010: (1) possession of a controlled substance and (2) failure to stop and render aid when driving a vehicle that was involved in a collision that resulted in serious bodily injury and death.[1] He was sentenced to fifteen years in prison for the possession offense and ten years in prison for the failing-to-render-aid offense. During an abatement and interlocutory remand of these appeals, the trial court found after a hearing that Appellant no longer wishes to pursue

---

[1] Cause No. 03-22-00684-CR concerns the second-degree felony of possession of a controlled substance—four grams or more but less than 200 grams of cocaine. *See* Tex. Health & Safety Code § 481.115(d). Cause No. 03-22-00685-CR, concerns the third-degree felony of failure to stop and render aid after driving a vehicle involved in an accident resulting in serious bodily injury and death. *See* Tex. Transp. Code § 550.021(c)(1).

these appeals. Though he has not filed a motion, we will dismiss these appeals. *See* Tex. R. App. P. 2, 42.2(a).

After Appellant's initial appellate counsel obtained an extension of time to file Appellant's brief in these appeals, Appellant substituted retained counsel. Retained counsel obtained an additional three extensions of time to file a brief; on the fourth overall extension, this Court advised that no more extensions would be granted. When counsel filed no brief, this Court sent a notice of late brief, then abated these causes and remanded them to the trial court for a hearing on whether Appellant wished to prosecute this appeal, if counsel had abandoned the appeal, and whether to appoint substitute counsel. During the abatement, this Court received a motion for leave to withdraw from Appellant's retained counsel. In the motion, counsel asserted that he had found no meritorious issues for appeal, had informed Appellant of that conclusion, and informed Appellant that he could oppose the motion and could file a pro se brief.

The trial court issued a bench warrant and obtained Appellant's presence at the hearing. The court filed Findings of Fact and Recommendation including findings that Appellant and appellate counsel were present at the hearing; that Appellant's counsel found no issues to raise on appeal and sought to withdraw as counsel; that "Appellant has been fully informed of what happened, has discussed it with his appellate attorney, and has had the time to consult with a new attorney if he so wished;" that "Appellant does not wish to prosecute this appeal;" and that "Appellant does he (sic) wish to receive representation from other counsel and substitute counsel is not necessary."

Voluntary dismissals of appeals in criminal cases ordinarily follow motions:

> At any time before the appellate court's decision, the appellate court may dismiss the appeal upon the appellant's motion. The appellant and his or her attorney

> must sign the written motion to dismiss and file it in duplicate with the appellate clerk, who must immediately send the duplicate copy to the trial court clerk.

Tex. R. App. P. 42.2(a). No such motion has been filed in this Court.

However, where the record shows that the intent of the rules to ensure that the appellant knowledgeably and actively desires dismissal of the appeal and has notified both the trial and appellate courts of that intention, courts have dismissed appeals without requiring a written motion to dismiss signed by the appellant and counsel. *See Hendrix v. State*, 86 S.W.3d 762, 763 (Tex. App.—Waco 2002, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal when appellant expressed desire to "drop the appeal" during hearing on remand to determine why no brief had been filed or substitute counsel engaged); *Sanders v. State*, No. 02-24-00234-CR, 2025 WL 211328, at *1 (Tex. App.—Fort Worth Jan. 16, 2025, no pet. h.) (mem. op., not designated for publication) (dismissing appeal when, at hearing during abatement and remand to determine why appellant had not timely filed brief, appellant stated unequivocally that he wished to withdraw appeal); *see also Conners v. State*, 966 S.W.2d 108, 110-11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (suspending requirement of written withdrawal of appeal when counsel refused to draft written withdrawal despite appellant's statement on record of desire to withdraw appeal). Appellate courts have the power to suspend a rule of appellate procedure's operation in a particular criminal case in order to expedite a decision or for other good cause so long as we do not purport to suspend any provision in the Code of Criminal Procedure.

We have not issued a decision in these appeals, so voluntary dismissal by Appellant is permitted under Texas Rule of Appellate Procedure 42.2(a). Based on the trial court's findings, we conclude that appellant has made an informed decision that he does not wish

3

to pursue these appeals. His counsel reviewed the record and reported that he found no meritorious grounds to raise on appeal. To expedite a decision resolving these appeals, we suspend the requirement for a rule-compliant motion to dismiss these appeals. *See* Tex. R. App. P. 2, 42.2(a). We dismiss these appeals in accordance with Appellant's preference not to prosecute these appeals expressed in open court as found by the trial court.

 

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Dismissed

Filed:   February 20, 2025

Do Not Publish