

# NUMBER 13-24-00517-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**KELLLY BAIN SMITH,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 3
## OF MCLENNAN COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Peña**

Appellant Kelly Bain Smith filed a notice of appeal[1] from a judgment of conviction

for assault involving family violence. *See* TEX. PENAL CODE ANN. § 22.01(b)(2). Appellant's

---

[1] This appeal was transferred to us from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). We are bound by the precedent of the transferring court to the extent that it conflicts with our own. *See* TEX. R. APP.

brief was originally due in this cause on October 23, 2024. On October 28, 2024, and again on November 8, 2024, the Clerk of the Court notified appellant that the brief was past due. Appellant failed to respond to the notice, did not request an extension of time to file the brief, and otherwise failed to timely file a brief. Accordingly, on December 11, 2024, we abated and remanded the appeal for findings regarding: (1) whether appellant wished to prosecute this appeal; (2) why appellant's counsel failed to file a brief and whether counsel had effectively abandoned the appeal; (3) whether appellant had been denied effective assistance of appellate counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to new court-appointed counsel.

We have now received the trial court's supplemental clerk's and supplemental reporter's records from the proceedings on remand. On January 27, 2025, the trial court held a hearing regarding the foregoing matters. At the hearing, the appellant testified under oath that she wished to dismiss her appeal. On January 31, 2025, the trial court issued findings and recommendations stating, *inter alia*, that appellant does not wish to pursue this appeal, appellant's attorney did not file a brief because appellant and her attorney "jointly agreed to abandon the appeal;" "[appellant] has not been denied effective assistance of counsel;" and the appointment of new counsel is unnecessary. The trial court recommended that we dismiss the appeal in accordance with appellant's wishes.

The voluntary dismissal of a criminal appeal is governed by Texas Rule of Appellate Procedure 42.2. *See* TEX. R. APP. P. 42.2. Under this rule, the appellate court

P. 41.3.

may dismiss an appeal if the appellant and his or her attorney files and signs a motion to dismiss. *See id.* R. 42.2(a). Rule 42.2 does not provide for the voluntary dismissal of a criminal appeal in the absence of such a motion. *See id.* However, on our own initiative, if we find good cause, we may suspend the requirements of Rule 42.2 in a particular case to order a different procedure. *See id.* R. 2.

Based on the record before this Court, and the findings and recommendations of the trial court, we conclude that good cause exists to suspend the requirements of Rule 42.2. *See id.* In short, the record shows that the appellant knowledgeably and actively desires dismissal of the appeal. *See Hendrix v. State*, 86 S.W.3d 762, 763 (Tex. App.—Waco 2002, no pet.) (per curiam) (suspending the requirements of Rule 42.2 to dismiss an appeal); *Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex. App.—Amarillo 1998, pet. ref'd) (same); *Conners v. State*, 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (same). Accordingly, we dismiss the appeal.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
24th day of April, 2025.

3