

# NUMBER 13-24-00376-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GRAN TEEJAI D. BUMAGAT,                                             **Appellant,**

**v.**

THE STATE OF TEXAS,                                                 **Appellee.**

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF SAN PATRICIO COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Cron**

Appellant Gran Teejai D. Bumagat filed a pro se motion to dismiss this appeal on December 12, 2024. On October 23, 2024, appellant's court-appointed appellate counsel filed a brief pursuant to *Anders v. California*, and a motion to withdraw with this Court. *See Anders v. California*, 386 U.S. 738, 744 (1967).

The voluntary dismissal of a criminal appeal is governed by Texas Rule of Appellate Procedure 42.2. *See* TEX. R. APP. P. 42.2. Under this rule, the appellate court may dismiss an appeal if the appellant and his or her attorney files and signs a motion to dismiss. *See id.* R. 42.2(a). Rule 42.2 does not provide for the voluntary dismissal of a criminal appeal in the absence of such a motion. *See id.* However, on our own initiative, if we find good cause, we may suspend the requirements of Rule 42.2 in a particular case to order a different procedure. *See id.* R. 2; *Conners v. State*, 966 S.W.2d 108, 110 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

Appellant's pro se motion to dismiss contains his signature but it is not signed by his attorney. *See* TEX. R. APP. P. 42.2(a) (requiring a motion to dismiss to contain both the appellant's and his or her attorney's signature). However, Rule 42.2 is designed to protect an appellant from having their attorney dismiss the appeal without their consent. *See Conners*, 966 S.W.2d at 110. Appellant states in his motion that he understands the ramifications of dismissing his appeal, he discussed with his counsel "that there are no arguable grounds . . . to support an appeal of [his] cause," and after his careful consideration, he desires to dismiss this appeal. We therefore conclude that good cause exists to suspend the requirements of Rule 42.2. *See Hendrix v. State*, 86 S.W.3d 762, 763 (Tex. App.—Waco 2002, no pet.) (per curiam) (suspending the requirements of Rule 42.2 to dismiss an appeal); *Conners*, 966 S.W.2d at 110–11 (same); *see also Smith v. State*, No. 13-24-00517-CR, 2025 WL 1189163, at *1–2 (Tex. App.—Corpus Christi–Edinburg Apr. 24, 2025, no pet.) (same).

2

Upon receiving an *Anders* brief, we typically must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). In light of appellant's pro se motion to dismiss, we decline to perform a review of the record. Accordingly, without passing on the merits of the case, we grant appellant's pro se motion to dismiss, grant counsel's motion to withdraw, and dismiss the appeal. Having dismissed the appeal at the appellant's request, no motion for rehearing will be entertained.

JENNY CRON
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
26th day of June, 2025.