**Elbert Harry HOLT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–00–225–CR.**

Court of Appeals of Texas, Waco.

Aug. 8, 2001.

Thomas R. Steinmeyer, Attorney at Law, Houston, for appellant.

John B. Holmes, Jr., Harris County District Attorney, Calvin Hartmann, Harris County Asst. District Attorney, Houston, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

Elbert Harry Holt was placed on community supervision after the trial court deferred adjudicating his guilt. He did not appeal that decision. Two years later, pursuant to a plea bargain, Holt's community supervision was revoked. The trial court sentenced Holt to four years in prison. He now appeals.

■ Holt's counsel filed an *Anders* brief. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In that brief, counsel presented a statement to Holt in which he states Holt's appeal is frivolous and informs Holt of his right to request a copy of the record and file his own brief. Counsel's certificate of service does not indicate that he sent a copy of the brief to Holt.

■ This appeal was transferred from Houston to this Court. This Court has decided not to apply the law of the transferring jurisdiction; rather, it applies the law of the receiving jurisdiction. *See McLendon v. Texas Dep't of Pub. Safety,* 985 S.W.2d 571, 576 n. 6 (Tex.App.—Waco 1998), *rev'd on other grounds,* 35 S.W.3d 632 (Tex.2000).

■ Recently, we have revisited our procedures regarding *Anders* briefs. *See Sowels v. State,* 45 S.W.3d 690 (Tex.App.—Waco 2001, no pet.). Before we can decide a case in which an *Anders* brief has been filed, we must be presented with an adequate basis to determine that counsel has 1) provided a copy of the *Anders* brief to the appellant and, 2) fully informed him of the right to review the record and to file a brief or other response. *Id.* at 693. A mere statement in the *Anders* brief of these rights is not adequate. *Id.* A copy of the correspondence to the appellant in which the process is explained and the

rights outlined will normally suffice as compliance with this condition. *Id.* However, the letter should not contain any communications, the disclosure of which would violate the attorney/client privilege. *Id.* Alternatively, the information may be provided in a separate certification confirming compliance with each of the requirements. *Id.* at 694.

Holt's counsel did not satisfy these requirements.

There is also some confusion about counsel's assertions in his brief regarding the reporter's record. We note from the trial court's docket sheet that the court reporter was waived for the hearing on the State's motion to adjudicate dated March 28, 2000. However, we have a reporter's record from a previous attempt by the State to adjudicate Holt's guilt dated March 30, 1999.[1] It is unclear from the brief whether counsel reviewed a reporter's record from that hearing or the later March 28, 2000 hearing after which the trial court revoked Holt's community supervision, adjudicated him guilty, and sentenced him to prison.

Thus, we withdraw the submission of this appeal for our consideration and order counsel to file a supplemental brief informing this Court either that a reporter's record actually exists for the March 28, 2000 hearing and he reviewed that record, or that a reporter's record does not exist for the March 28, 2000 hearing. The supplemental brief is due to be filed with this Court within 15 days from the date of this order. We also order that counsel comply with the requirements of *Sowels* as outlined above. Counsel must provide this Court with proof of his compliance[2] with

*Sowels* within 20 days from the date of this order.

---

1. We note that the date on the cover sheet of each volume of the reporter's record shows to be March 30, 2000. This appears to actually be for the March 30, 1999 revocation and adjudication hearing.

2. Compliance with *Sowels* includes sending Holt a copy of the supplemental brief.