**Jason PAGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–00–180–CR.**

Court of Appeals of Texas, Waco.

Nov. 28, 2001.

Stan Schwieger, Law Office of Stan Schwieger, Waco, for appellant.

Don W. Cantrell, Limestone County Attorney, Groesbeck, for appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## ORDER

PER CURIAM.

Jason Victor Page pleaded guilty to aggravated robbery. In accordance with a plea agreement, the court sentenced him to twelve years' imprisonment. Page filed

a *pro se* notice of appeal. The court appointed counsel to represent Page on appeal. Page's appellate counsel filed an *Anders* brief in this Court and a motion to withdraw in the trial court. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498 (1967); *Sowels v. State*, 45 S.W.3d 690, 692 (Tex. App.—Waco 2001, no pet.). Counsel sent Page copies of the *Anders* brief, the motion to withdraw, and the appellate record. Counsel informed Page that he had the right to file a *pro se* brief or other response and that such brief or response would be due thirty days after the court ruled on the motion to withdraw. Counsel certified to this Court that he had taken these actions. *See Sowels*, 45 S.W.3d at 693–94.

We received no communications from Page. After more than thirty days had passed following the filing of the *Anders* brief, we set this cause for submission on September 19, 2001. Upon further review however, we have determined that this submission may have been premature.

Citing our prior decision in *Johnson v. State*, counsel informed Page that his brief or response would not be due until thirty days after the trial court ruled on the motion to withdraw. *See* 885 S.W.2d 641, 647 n. 3 (Tex.App.—Waco 1994, pet. ref'd) ("As a matter of policy, this court will allow the defendant thirty days following our action on the motion to withdraw to file a motion for an extension of time to file a pro-se brief, if desired."). However, we modified this aspect of our *Anders* procedures three years later in *Wilson v. State*, 955 S.W.2d 693 (Tex.App.—Waco 1997, order), *disp. on merits*, 3 S.W.3d 223 (Tex. App.—Waco 1999, pet. ref'd). In *Wilson*, we concluded that the *Johnson* procedure regarding the time for filing a *pro se* brief or response was inconsistent with United States Supreme Court *Anders* jurisprudence. *See Wilson*, 955 S.W.2d at 695–96.

We held in *Wilson:*

Accordingly, when the court receives a motion to withdraw supported by a brief and other documentation which satisfy the requirements of *Anders*, we will advise the accused that he has thirty days in which to file a *pro se* response or a motion requesting an extension of time in which to file the response. Only after the *pro se* response has been received or after the accused has had a reasonable opportunity in which to file the response without doing so, should the court proceed to address the merits of the appeal (*i.e.*, whether the appeal is frivolous).

*Wilson*, 955 S.W.2d at 695–96 (footnote omitted).

We once again modified these procedures four years later in *Sowels*. Regarding counsel's motion to withdraw, we held:

It is … not appropriate for counsel to file a motion to withdraw in the appellate court concurrent with an *Anders* brief. Any motion to withdraw as appointed counsel should be filed with the trial court. If allowed to withdraw prior to the disposition of the appeal, counsel shall file a copy of the order granting the motion to withdraw with the appellate court clerk.

*Sowels*, 45 S.W.3d at 692–93 (citing *Enriquez v. State*, 999 S.W.2d 906, 908 (Tex. App.—Waco 1999, order, no pet.)). Regarding the timing for the filing of a *pro se* brief or response, we said:

Once counsel has filed the brief and has met the obligation to advise the appellant of [his] rights, the appellant has thirty days within which to file a *pro se* brief or other response or a motion for an extension of time in which to file a brief or other response. The appellant may or may not choose to file a brief or other response but if one is filed, it

should at a minimum identify for the Court those issues which the indigent appellant believes the Court should consider in deciding whether the case presents any meritorious issues.

*Sowels,* 45 S.W.3d at 694 (citing *Wilson,* 955 S.W.2d at 695–97).

Neither counsel nor this Court adequately informed Page that the time for filing his *pro se* brief or response commenced upon the filing by counsel of the *Anders* brief in this Court. Therefore, we set aside the prior submission of this cause on September 19, 2001. We hereby direct Page to file a *pro se* brief or response, if he desires to file same, within thirty days after the date of this Order.

IT IS SO ORDERED.