Rogerio **MARTINEZ**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–03–00128–CR.

Court of Appeals of Texas,
Waco.

March 24, 2004.

Appeal from the 410th District Court, Montgomery County; K. Michael Mayes, Judge.

Jerrod Walker, Riley, Walker & Dornburg, L.L.P., Conroe, for Appellant.

Michael A. McDougal, Montgomery County District Attorney, Conroe, for Appellee.

Abatement Order of March 24, 2004 withdrawn by unpublished order April 22, 2004, see 2004 WL 1221991.

TOM GRAY, Chief Justice, dissenting.

I have long contended that we, the Tenth Court of Appeals, are far more onerous in what we require than other Texas courts of appeals, the Texas Court of Criminal Appeals, or the United States Supreme Court, for compliance with minimum due process in criminal cases where the defendant is financially unable to pay for counsel. *See In the Interest of E.L.Y.,* 69 S.W.3d 838, 843 (Tex.App.-Waco 2002, order) (Gray, J., dissenting). As a result we have imposed a huge added financial burden on the counties that must pay the attorneys in this type case. *See Guerrero v. State,* 64 S.W.3d 436, 444 (Tex.App.-Waco 2001, order) (Gray, J., dissenting).

More importantly, we cause attorneys to file briefs on issues that have no merit rather than jump through the procedural

hoops espoused in *Sowels*[1] and its progeny. As a result we deny the criminal defendant the very benefits *Anders* was designed to implement. If an *Anders* brief is not filed, we review only the issues raised rather than conducting a full review of the judgment and record.

The majority is abating this case because the attorney failed to tell us that the defendant was advised of his right to file a response, and that the record of the proceeding could be obtained from the trial court clerk. In this case we corrected the deficiencies in the conduct which has caused the abatement—we told the defendant what counsel had failed to tell him. I would thus conclude that we can proceed as we would in any other *Anders* case.

But there is a problem in this process. We told the attorneys and the defendant that if the defendant was not told that he could file a response and how to obtain the record that we would "treat it [the appeal] like no brief is filed." So if we are going to continue as if no brief is filed, we just abate for the trial court to determine why no brief was filed. I have to admit, this seems like a silly procedure, given that a brief was filed.

The bottom-line is that there is no need to abate this appeal. We have an *Anders* brief. The defendant has been notified of his rights by *this* court. All we need to do to get this appeal moving is to notify the parties that (1) we have provided the notices to the defendant required by *Sowels*, (2) we have noted the erroneous statement in the prior notice, and (3) because a brief has been filed, we are proceeding to consider the merit of the appeal under the *Anders* framework.

In this particular instance, we could thus avoid the unwarranted imposition of additional expense on the State and County.

Because the majority persists in abating this case, I respectfully dissent.

---

1. *Sowels v. State,* 45 S.W.3d 690 (Tex.App.- Waco 2001, no pet.)