**Rogerio MARTINEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–03–00128–CR.**

Court of Appeals of Texas, Waco.

May 12, 2004.

Jarrod Walker, Riley Walker & Dornburg, L.L.P., Conroe, for Appellant/Relator.

Michael A. McDougal, Montgomery County District Attorney, Gail Kikawa McConnell, Montgomery County Asst. Dis-

---

trict Attorney, Conroe, for Appellee/Respondent.

Abatement order withdrawn by unpublished order dated April 22, 2004, see 2004 WL 1221991.

TOM GRAY, Chief Justice, concurring.

This Court abated this appeal to require compliance with Sowels.[1] Martinez v. State, 135 S.W.3d 233 (Tex.App.-Waco, 2004, order) withdrawn, April 22, 2004. I dissented. Id. (Gray, C.J., dissenting). In response to the abatement order, the State, not the defendant, filed a motion to reconsider. The Court granted the motion for reconsideration and withdrew its earlier abatement order. I heartily concurred in the withdrawal of the abatement order, and agreed to issue the order of withdrawal before I had completed a concurring opinion, so as to cut off the need for the hearing previously ordered by the majority. This is the concurring opinion as promised.

The State's motion for reconsideration addressed the cost in both money and time incurred by the State to participate in the hearing we ordered. Because of the importance to a reconsideration of our procedures for criminal appeals in which a defendant is indigent and because these issues are seldom articulated by the State, I feel that it is critical that the issues raised by the State in their motion be reflected in the litany of cases citing Anders,[2] McMahon,[3] and Sowels.

As I noted in my previous dissent, I have long contended that we, the Tenth Court of Appeals, are far more onerous in what we require than other Texas courts of appeals, the Texas Court of Criminal Appeals, or the United States Supreme Court, for compliance with minimum due process in criminal cases where the defendant is financially unable to pay for counsel. See In the Interest of E.L.Y., 69 S.W.3d 838, 843 (Tex.App.-Waco 2002, order)(Gray, J., dissenting). As a result, we have imposed a huge added financial burden on the counties that must pay the attorneys in this type case. See Guerrero v. State, 64 S.W.3d 436, 444 (Tex.App.-Waco 2001, order)(Gray, J., dissenting). And in this case, had the majority not withdrawn the abatement order, according to the State's motion for rehearing, the State, as the prosecuting agency, would have incurred the administrative costs of setting the hearing; notifying counsel; transporting the appellant from prison to the hearing (which, in and of itself, is a huge financial burden); and preparing and shipping the supplemental clerk's record and reporter's record.

More importantly, our procedures cause attorneys to file briefs on issues that have no merit rather than jump through the procedural hoops espoused in Sowels and its progeny. As a result, we deny the criminal defendant the very benefits Anders was designed to implement. If an Anders brief is not filed, we review only the issues raised rather than conducting a full review of the judgment and record.

The majority abated this case because the attorney failed to tell us that the defendant was advised of his right to file a response, and that the record of the proceeding could be obtained from the trial court clerk. But we corrected the deficiencies in the conduct which had caused the need for the abatement—we told the

1. Sowels v. State, 45 S.W.3d 690 (Tex.App.-Waco 2000, no pet.).

2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

3. McMahon v. State, 529 S.W.2d 771 (Tex. Crim.App.1975).

defendant what counsel had failed to tell him.

As the State pointed out, there was a problem in this process. We told counsel and the defendant that if the defendant was not told that he could file a response and how to obtain the record that we would "treat it [the appeal] like no brief is filed." We did not direct counsel to give us any information. And we did not warn of any abatement for a hearing for non-compliance. Had we done so, the State would have ensured counsel's compliance.[4] The District Attorney's Office in Montgomery County has obviously dealt with this situation frequently enough that it has adopted effective and efficient means to deal with it. Unfortunately, we did not even follow the path that we had advised the parties we would follow.

As it turned out, the defendant's counsel had fully complied with our earlier letter. But, because the letter from the Court was poorly worded and did not specifically require notice to the Court of his compliance with our *Sowels* procedure, he had not so informed us.

The bottom-line is that there was no need to abate this appeal in the first place. We had an *Anders* brief. The defendant had been notified of his rights by the Court. All we needed to do to get this appeal moving was to notify the parties that (1) we provided to the defendant the notices required by *Sowels*, (2) there was an erroneous statement in the prior notice, and (3) because a brief had already been filed, we would proceed to consider the merit of the appeal under the *Anders* framework.

The majority has now accepted that there is no need to abate this appeal and has thus withdrawn the abatement order previously issued. I concur.

---

4. In its motion, the State has advised us that its office has adopted a policy of requesting sanctions when an attorney is notified by the Court of Appeals that a hearing will be ordered if the attorney fails to comply with a directive of the Court. Since adopting the policy, cases rarely proceed to a hearing. When they do, the district courts grant the sanctions requested, citing *State v. Price*, No. 01–10–06418–CR (410th Dist. Ct., Montgomery County, Tex.) and *State v. Gressett*, No. 00–06–03439–CR (9th Dist. Ct., Montgomery County, Tex.).