Mike Arthur HARTSELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–03–00255–CR.

Court of Appeals of Texas,
Waco.

June 30, 2004.

Tim Altaras, Cleburne, for appellant.

Bill Moore, County Atty. for Johnson County, Cleburne, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### MEMORANDUM OPINION

PER CURIAM.

Appellant's counsel filed a motion to dismiss this appeal on November 20, 2003. We denied the motion on December 10 because it was not signed by Appellant. *See* TEX.R.APP. P. 42.2(a); *McClain v. State,* 17 S.W.3d 310, 311 (Tex.App.-Waco 2000, no pet.) (per curiam).

Counsel stated in the motion that Appellant informed the trial court in a post-conviction indigence hearing that he no longer desired to pursue the appeal. In response to our December 10 ruling, Ap-

pellant's counsel has attempted to obtain Appellant's signature for the motion. Counsel states in an April 8 letter that he has explained to Appellant that the signature is required by the rules, yet Appellant has refused to cooperate. Appellant has refused to permit counsel to come to his house for the signature and has informed counsel that he will not come to counsel's office to sign a dismissal motion.

■ In view of Appellant's lack of cooperation, we will suspend the requirement that Appellant personally sign the motion. *Cf. Hendrix v. State*, 86 S.W.3d 762, 763–64 (Tex.App.-Waco 2002, no pet.) (mem. op.) (applying Rule 2 to suspend requirement that counsel file written withdrawal of appeal after appellant stated on record in trial court that he desired "to drop the appeal"). Otherwise, we would be required to abate this cause to the trial court to enforce this particular requirement of Rule 42.2(a) or require preparation and filing of the reporter's record to confirm Appellant's desire to dismiss the appeal. To do either would be an unnecessary expenditure of limited judicial resources.

■ Counsel states that his client is being uncooperative in complying with Rule 42.2(a). We trust that counsel is fulfilling his duty of candor as an officer of the court. *See Thompson v. City of Corsicana Hous. Auth.*, 57 S.W.3d 547, 558 (Tex. App.-Waco 2001, no pet.) (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998)). Under these circumstances, we will not require Appellant's court-appointed trial counsel (or Johnson County) to undergo the expense of having the reporter's record prepared and filed to validate the truth of the allegations in his dismissal motion (*i.e.*, that Appellant told the trial court he no longer wished to pursue this appeal). *See* TEX. R.APP. P. 10.2(c) (motion must be verified

or supported by affidavit if it depends on facts "not within the personal knowledge of the attorney signing the motion."). Nor will we abate this matter to the trial court for further proceedings.

On reconsideration, counsel's motion to dismiss is granted. The appeal is dismissed.

Chief Justice GRAY dissenting.

GRAY, Chief Justice dissenting.

The Court dismisses this appeal under the very circumstances the rule was designed to prevent dismissal. The rule requires the personal signature of the defendant on the notice of withdrawal of the notice of appeal before we can "voluntarily" dismiss a criminal defendant's appeal. The applicable rule provides as follows:

(a) At any time before the appellate court's decision, the appellate court may dismiss the appeal if the party that appealed withdraws its notice of appeal—by filing a written withdrawal in duplicate with the appellate clerk, who must immediately send the duplicate copy to the trial court clerk. An appellant must personally sign the written withdrawal.

TEX. R. APP. P. 42.2(a).

And the key word here is "personally."

The former rule provided as follows:

(a) At any time before the appellate court's decision, the appellate court may dismiss the appeal if the appellant withdraws his or her notice of appeal. The appellant and his or her attorney must sign the written withdrawal and file it in duplicate with the appellate clerk, who must immediately send the duplicate copy to the trial court clerk.

TEX. R. APP. P. 42.2, 60 Tex. B.J. 878 (Tex.Crim.App.1997, amended 2000). In 2000, the rule was amended, deleting the requirement that the attorney sign the

withdrawal and adding the word, "personally," to emphasize that the defendant must participate in the withdrawal of the appeal. TEX. R. APP. P. 42.2, Comment to 2000 change.

The purpose of the rule seems obvious. We want to be certain, before we affect the rights of the defendant by dismissing the appeal, that in fact, that is what the defendant, not his lawyer, wants. The purpose of the revision of the rule seems equally obvious—to not rely on the representations of counsel.

I have been unable to find any voluntary dismissal of a criminal appeal by this Court in which the withdrawal of the notice of appeal was done as contemplated by the rule. We have, however, granted many voluntary dismissals of criminal cases because the record contained some affirmative indication made *personally* by the defendant that he wanted the appeal dismissed. Support for our previous dismissals-on-request can be grouped into three categories. The three categories are as follows:

1) A withdrawal of the notice of appeal, that is signed by the defendant and the attorney of record, is attached to a motion to dismiss the appeal signed only by the attorney of record. *See McClain v. State,* 17 S.W.3d 310, 311 (Tex.App.—Waco 2000, no pet.). This is the closest to strict compliance with the rule that I have observed. The rule does not require a motion to dismiss, only the filing of the notice-of-withdrawal, in duplicate, personally signed by the defendant. But I will hasten to add that a separate motion is an effective, but unnecessary, means of drawing the Court's attention to the fact that the notice of appeal has been withdrawn.

2) A motion to dismiss that is signed by the defendant and the defendant's attorney of record. *See, e.g. Lopez v. State,* No. 10–03–00300–CR, 2004 WL 1418668, 2004 Tex. App. LEXIS 5665 (Tex.App.—Waco June 23, 2004, no pet. h.)(not designated for publication); *Gamboa v. State,* No. 10–03–00374–CR, 2004 WL 360863, 2004 Tex.App. LEXIS 1921(Tex.App.—Waco Feb.25, 2004, no pet.)(not designated for publication). This is by far the most common form of request to voluntarily dismiss criminal cases.

3) A reporter's record with a statement on the record made by the defendant, with defense counsel present, that it is the defendant's desire to dismiss the appeal. *See Hendrix v. State,* 86 S.W.3d 762, 763–64 (Tex.App.—Waco 2002, no pet.); *see also Huzarevich v. State,* No. 10–03–160–CR, 2003 WL 22976412, 2003 Tex.App. LEXIS 10657 (Tex.App.—Waco Dec. 17, 2003, no pet.)(not designated for publication).

Each of these alternate procedures that we have accepted accomplishes the same procedural purpose that the rule is specifically designed to safeguard. It is designed to prevent the dismissal of a criminal appeal without the consent of the defendant.

Unfortunately, we recently allowed an alternate procedure which did not comply with the procedural purpose of the rule. In an unpublished opinion, this Court allowed the dismissal of an appeal based on an attorney's representation by affidavit that the defendant agreed to dismiss the appeal. *Smith v. State,* No. 10–03–00194–CR, 2004 WL 360685, 2004 Tex.App. LEXIS 1918, (Tex.App.—Waco February 25, 2004, no pet.)(per curiam)(not designated for publication). We were wrong in dismissing the appeal based on an affidavit of the attorney rather than some kind of personal affirmation by the defendant. We are wrong again.

No other alternate procedure has frustrated or ignored the purpose of the rule, that is, until today. Today, the Court

publicly has accepted a new procedure that expressly rejects the procedural safeguard. Indeed, based on this record, this ruling not only rejects the safeguard, it tramples upon it.

A review of the record in this case indicates that there is significant tension between the defendant and his attorney of record. In response to correspondence from this Court, counsel writes...

"I spoke with Mike Hartsell on Saturday, April 3, 2004, about signing the Motion to Dismiss Appeal, and he stated he did not understand why he needed to sign the motion. I attempted to explain to him that his signature was required under the rules and that he needed to come to my office to sign the motion. He stated he was not interested in signing the motion or coming to my office. I told him that I would drive to his house to obtain his signature and he stated he would not allow me in his house and that I should not come to his house to get his signature."

This type of hostility between attorney and client indicates to me that there may be good cause for someone to inquire into the reason for the hostility. An inquiry that may reveal a defendant who does not, in fact, want to dismiss the appeal, but who just does not want that attorney pursuing it and has no idea what to do other than refuse to cooperate.

And one of the most disturbing aspects of this dismissal is that the letter to us, relied upon by the majority, does not indicate that it was provided to the defendant. Without any expression of agreement to the dismissal, we are doing exactly what is contrary to the purpose of the rule.

Further, I find it appalling that the majority, so free with taxpayer's money in other circumstances, uses that as an ex-cuse not to follow the rules in this instance. *See Martinez v. State*, 137 S.W.3d 832 (Tex.App.—Waco 2004, order)(Gray, C.J., concurring); *Davidoff v. GX Tech. Corp.*, 134 S.W.3d 514, 516 (Tex. App.—Waco, 2004, order)(Gray, C.J., dissenting); *Martinez v. State*, 135 S.W.3d 233 (Tex.App.—Waco, 2004, order) *withdrawn*, April 22, 2004 (Gray, C.J., dissenting); *Harrison v. TDCJ–ID*, 134 S.W.3d 490, 492 (Tex. App.—Waco, 2004, order)(Gray, C.J., dissenting); *Guerrero v. State*, 64 S.W.3d 436, 444 (Tex.App.—Waco 2001, order)(Gray, J., dissenting). At the very least we should require proof of notice to the defendant like the majority is so quick to require in *Anders*[1] appeals. *Martinez v. State*, 135 S.W.3d 233 (Tex.App.—Waco, order) *withdrawn*, April 22, 2004; *Holt v. State*, 64 S.W.3d 434 (Tex.App.—Waco 2001, order); *Page v. State*, 63 S.W.3d 820 (Tex.App.—Waco 2001, order).

I find it terribly ironic that when we have discretion to modify our procedures that could result in a substantial savings of taxpayer provided resources, the majority rejects the opportunity. But when the rule clearly specifies what is required, saving judicial resources becomes the basis for violation of the rule. Other than that observation, I cannot tell you how to determine when we will needlessly require something additional versus when we will not require compliance with the rules.

And if you really want to get down to it, the cost is very nominal because all we need is a single page from the reporter's record, if it exists. The Clerk could request it, and we could all be reassured that dismissal is what the defendant really wants. That page would be the one on which it would reflect that the defendant "declared in open court that he no longer wished to pursue his appeal and stated

---

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

that he accepted the trial court's decision of finding him guilty and agreed to the punishment assessed by the Court." *Motion to Dismiss Appeal,* p. 1. His lawyer asserts in the motion to dismiss that this is what happened. It would also provide additional support for our action to obtain the portion of the reporter's record of the same hearing that reflects that "After being questioned by the judge, the Court concluded that MICHAEL ARTHUR HARTSELL did in fact voluntarily and with an understanding of the consequences, waived his right to appeal." *Id.*

Because the procedure utilized by the majority to dismiss this appeal is a flagrant violation of the rules of appellate procedure, I respectfully dissent.