**In the Matter of S.W.O.**

**No. 14–03–00059–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 8, 2006.

Marc D. Isenberg, for appellant.

William J. Delmore, III, Dist. Atty., Houston, for appellee.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

**PLURALITY OPINION**

JOHN S. ANDERSON, Justice.

On November 8, 1999, the trial court found appellant to have engaged in delinquent conduct by committing the offense of indecency with a child by contact. On November 8, 1999, the trial court sentenced appellant to one year probation. Appellant filed a motion for new trial on December 1, 1999. On December 22, 1999, appellant filed a notice of appeal.

On June 12, 2003, this court ordered a hearing to determine why appellant's counsel had not filed a brief in this appeal. On November 19, 2003, the trial court conducted the hearing, and the trial court's findings of fact and conclusions of law were filed in this court on November 25, 2003.

At the hearing, appellant's appointed counsel appeared, but appellant was unable to appear as he had joined the United States Navy. Counsel presented an affidavit of appellant's grandmother, noting that appellant did not wish to pursue his appeal.

Appellant has not filed a written motion to withdraw the appeal or a written motion to dismiss the appeal. *See* TEX.R.APP. P. 42.2(a). However, based upon the evidence at the hearing that appellant does not want to continue his appeal, we conclude that good cause exists to suspend the operation of Rule 42.2(a) in this case. *See* TEX.R.APP. P. 2.

Accordingly, we dismiss the appeal.

FROST, J., dissenting.

EDELMAN, J., concurs in result only.

KEM THOMPSON FROST, Justice, dissenting.

The trial court found that appellant engaged in delinquent conduct by committing

the offense of indecency with a child by contact. Appellant appealed. The only issue before this court is whether there is good cause for suspending the operation of Texas Rule of Appellate Procedure 42.2(a), governing voluntary dismissal of appeals. *See* TEX.R.APP. P. 2. Appellant did not comply with this rule and has not asked this court to dismiss his appeal. The plurality opinion finds good cause to suspend operation of the rule's requirements and to dismiss appellant's appeal notwithstanding the non-compliance. *See ante* at p. 205. Because the record contains no support for either action, I respectfully dissent.

Rule 42.2(a) provides in pertinent part: At any time before the appellate court's decision, the appellate court may dismiss the appeal if the *party* that appealed withdraws its notice of appeal—by filing a *written withdrawal* in duplicate with the appellate clerk, who must immediately send the duplicate copy to the trial court clerk. *An appellant must personally sign the written withdrawal.*

TEX.R.APP. P. 42.2(a) (emphasis added). Appellant did not file or sign a motion to withdraw his notice of appeal. Appellant's appointed counsel proffered the affidavit of appellant's grandmother, which states the grandmother's belief "that [appellant] no longer wishes to pursue the appeal." The record, however, contains nothing whatsoever from appellant to indicate that he wishes to abandon his appeal.

Though a child under the age of seventeen years at the time of the underlying adjudication, appellant is now an adult in military service. At the trial court hearing on November 19, 2003, appellant's attorney made no mention of any personal desire on the part of appellant to dismiss this appeal nor did appellant's attorney file a motion to dismiss the appeal, nor did appellant's attorney file a withdrawal of the notice of appeal under Rule 42.2(a). Although the trial court had the affidavit of appellant's grandmother, the affidavit of a non-party is not sufficient to effect a voluntary dismissal under Rule 42.2(a).

The record contains no support for a finding of good cause to suspend operation of Rule 42.2(a) because there has been no showing that appellant cannot comply with the rule. The trial court found that appellant's grandmother spoke to appellant and that appellant "does not wish to pursue the appeal." The trial court did not find that appellant could not comply with the rule. Before this court dismisses appellant's appeal, it should require a signed writing from appellant himself or, at the very least, some document which would provide this court with good cause to suspend Rule 42.2(a)'s requirement that appellant personally sign the withdrawal of the notice of appeal. *See* TEX.R.APP. P. 2. No reason has been proffered why appellant could not give signed consent to withdraw the notice of appeal, as required by the rule.

Neither appellant's grandmother nor appellant's attorney have asserted any inability or even any difficulty in complying with the rule, much less good cause to suspend its operation. There is not even a suggestion that compliance would result in inconvenience, undue expense, or other hardship. This is not a case in which appellant's whereabouts are unknown. Appellant is not missing. He is on active duty in the United States Navy. According to his grandmother's affidavit, he was in San Diego, California, when she spoke to him en route to his home port in Seattle, Washington. There is no reason to believe appellant could not sign a withdrawal of his notice of appeal and deliver the signed document to his counsel for filing with the court.

Based on the record before us, there is not good cause to suspend Rule 42.2(a)'s requirement that appellant personally sign

the notice of withdrawal. *See Kellogg v. State*, No. 01–05–00734–CR, 01–05–00735–CR, 2006 WL 348303, at *1 (Tex.App.-Houston [1 Dist.] Feb. 16, 2006, no pet.) (not designated for publication) (finding good cause to suspend Rule 42.2(a)'s requirements even though the motion was not signed by appellant because appellant's counsel filed a notarized affidavit from the defendant *himself* requesting his desire to forego his appellate remedies); *Hartsell v. State*, 143 S.W.3d 233, 234 (Tex.App.-Waco 2004, no pet.) (finding good cause to suspend requirement that criminal defendant personally sign motion to dismiss appeal, where defendant refused to cooperate with his counsel's attempts to obtain his signature, and only alternatives to suspension of signature requirement were abatement of action to trial court or requirement of preparation and filing of reporter's record to confirm defendant's desire to dismiss appeal); *Pirtz v. State*, No. 2–02–482–CR, 2–02–483–CR, 2003 WL 22251615, at *1 (Tex.App.-Fort Worth Oct.2, 2003, no pet.) (not designated for publication) (stating that "although appellant has not signed the motion in compliance with rule 42.2(a) of the rules of appellate procedure, appellant stated at an abatement hearing held in the trial court that he no longer wishes to pursue his appeal. Because the record of that hearing is before us, we suspend rule 42.2(a)'s requirement that appellant sign the motion to dismiss the appeal"); *House v. State*, No. 01–00–01316–CR, 2002 WL 221619 (Tex.App.-Houston [1 Dist.] Feb. 14, 2002, no pet.) (not designated for publication) (refusing to grant motion for voluntary dismissal of appeal by appellant because appellant—a fugitive—had not signed the motion under 42.2(a)); *White v. State*, 993 S.W.2d 381, 382 (Tex.App.-Waco 1999, no pet.) (finding compliance with a motion to dismiss appeal, together with its accompanying affidavit, even though defendant did not sign the motion itself,

where defendant signed the affidavit in which he swore to having read the motion and acknowledged that the facts contained in the motion were true and correct). Absent the requisite showing of good cause, this court should dismiss under Rule 42.2(a) on nothing less than the rule requires.

The decision to forego appellate rights is an important one, with lasting consequences. Appellant has presented nothing to indicate he wishes to abandon his appeal. Notably, appellant's attorney has not filed a motion to dismiss the appeal. Though there is no reason to doubt the sincerity or good faith of appellant's grandmother in making the affidavit, there is nothing in our record from appellant to indicate the decision to dismiss this appeal is his and not someone else's. This court should not dismiss this appeal unless and until there is a document personally signed by the appellant expressing his desire to dismiss the appeal or good cause is shown for suspending this requirement.