Dismissed and Plurality and Dissenting Opinions filed June 8, 2006









Dismissed and Plurality and Dissenting Opinions filed June 8,
2006. 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00059-CV

____________

 

IN THE MATTER OF S.W.O.

 



 

On Appeal from the 315th
District Court

Harris County, Texas

Trial Court Cause No. 99-04540J

 



 

D I S S E N T I N G   O P I N I O
N

 The trial court
found that appellant engaged in delinquent conduct by committing the offense of
indecency with a child by contact. 
Appellant appealed. The only issue before this court is whether there is
good cause for suspending the operation of Texas Rule of Appellate Procedure
42.2(a), governing voluntary dismissal of appeals.  See
Tex. R. App. P. 2. Appellant did not comply with this rule and has not
asked this court to dismiss his appeal. 
The plurality opinion finds good cause to suspend operation of the rule=s requirements and
to dismiss appellant=s appeal notwithstanding the
non-compliance.  See ante at
p. 2.  Because the record contains no
support for either action, I respectfully dissent. 

Rule 42.2(a) provides in pertinent part: 

At any time before the appellate court=s decision, the appellate court may
dismiss the appeal if the party that appealed withdraws its notice of
appealBby filing a written withdrawal in
duplicate with the appellate clerk, who must immediately send the duplicate
copy to the trial court clerk.  An
appellant must personally sign the written withdrawal.

 

Tex. R. App. P. 42.2(a) (emphasis
added).  Appellant did not file or sign a
motion to withdraw his notice of appeal. Appellant=s appointed
counsel proffered the affidavit of appellant=s grandmother,
which states the grandmother=s belief Athat [appellant]
no longer wishes to pursue the appeal.@  The record, however, contains nothing
whatsoever from appellant to indicate that he wishes to abandon his appeal.          

Though a child under the age of seventeen
years at the time of the underlying adjudication, appellant is now an adult in
military service.   At the trial court
hearing on November 19, 2003, appellant=s attorney made no
mention of any personal desire on the part of appellant to dismiss this appeal
nor did appellant=s attorney file a motion to dismiss the
appeal, nor did appellant=s attorney file a withdrawal of the notice
of appeal under Rule 42.2(a).  Although
the trial court had the affidavit of appellant=s grandmother, the
affidavit of a non-party is not sufficient to effect a voluntary dismissal
under Rule 42.2(a).   








The record contains no support for a
finding of good cause to suspend operation of Rule 42.2(a) because there has
been no showing that appellant cannot comply with the rule. The trial court
found that appellant=s grandmother spoke to appellant and that
appellant Adoes not wish to pursue the appeal.@  The trial court did not find that appellant
could not comply with the rule.          Before
this court dismisses appellant=s appeal, it
should require a signed writing from appellant himself or, at the very least,
some document which would provide this court with good cause to suspend Rule
42.2(a)=s requirement that
appellant personally sign the withdrawal of the notice of appeal.  See
Tex. R. App. P. 2.  No reason has
been proffered why appellant could not give signed consent to withdraw the
notice of appeal, as required by the rule.

            Neither
appellant=s grandmother nor appellant=s attorney have
asserted any inability or even any difficulty in complying with the rule, much
less good cause to suspend its operation. There is not even a suggestion that
compliance would result in inconvenience, undue expense, or other hardship.
This is not a case in which appellant=s whereabouts are
unknown. Appellant is not missing.  He is
on active duty in the United States Navy. According to his grandmother=s affidavit, he
was in San Diego, California, when she spoke to him en route to his home port
in Seattle, Washington.  There is no
reason to believe appellant could not sign a withdrawal of his notice of appeal
and deliver the signed document to his counsel for filing with the court.   








Based on the record before us, there is
not good cause to suspend Rule 42.2(a)=s requirement that
appellant personally sign the notice of withdrawal.  See Kellogg v. State, No. 01‑05‑00734‑CR,
01‑05‑00735‑CR,  2006 WL 348303, at *1 (Tex. App.BHouston [1 Dist.]
Feb. 16, 2006, no pet.) (not designated for publication) (finding good cause to
suspend Rule 42.2(a)=s requirements even though the motion was
not signed by appellant because appellant=s counsel filed a
notarized affidavit from the defendant himself requesting his desire to
forego his appellate remedies); Hartsell v. State, 143 S.W.3d 233, 234
(Tex. App.BWaco 2004, no pet.) (finding good cause to
suspend requirement that criminal defendant personally sign motion to dismiss
appeal, where defendant refused to cooperate with his counsel=s attempts to
obtain his signature, and only alternatives to suspension of signature
requirement were abatement of action to trial court or requirement of
preparation and filing of reporter=s record to
confirm defendant=s desire to dismiss appeal); Pirtz v.
State, No. 2‑02‑482‑CR, 2‑02‑483‑CR,
2003 WL 22251615, at *1 (Tex. App.BFort Worth Oct. 2,
2003, no pet.) (not designated for publication) (stating that Aalthough appellant
has not signed the motion in compliance with rule 42.2(a) of the rules of
appellate procedure, appellant stated at an abatement hearing held in the trial
court that he no longer wishes to pursue his appeal. Because the record of that
hearing is before us, we suspend rule 42.2(a)=s requirement that
appellant sign the motion to dismiss the appeal@); House v.
State, No. 01‑00‑01316‑CR, 2002 WL 221619 (Tex. App.BHouston [1 Dist.]
Feb. 14, 2002, no pet.) (not designated for publication) (refusing to grant
motion for voluntary dismissal of appeal by appellant because appellantBa fugitiveBhad not signed the
motion under 42.2(a));  White v. State,
993 S.W.2d 381, 382B83 (Tex. App.BWaco 1999, no
pet.) (finding compliance with a motion to dismiss appeal, together with its
accompanying affidavit, even though defendant did not sign the motion itself,
where defendant signed the affidavit in which he swore to having read the
motion and acknowledged that the facts contained in the motion were true and
correct).  Absent the requisite showing
of good cause, this court should dismiss under Rule 42.2(a) on nothing less
than the rule requires.

The decision to forego appellate rights is
an important one, with lasting consequences. Appellant has presented nothing to
indicate he wishes to abandon his appeal. 
Notably,  appellant=s attorney has not
filed a motion to dismiss the appeal. 
Though there is no reason to doubt the sincerity or good faith of
appellant=s grandmother in making the affidavit,
there is nothing in our record from appellant to indicate the decision to
dismiss this appeal is his and not someone else=s. This court
should not dismiss this appeal unless and until there is a document personally
signed by the appellant expressing his desire to dismiss the appeal or good
cause is shown for suspending this requirement.

 

 

/s/      Kem
Thompson Frost

Justice

 

Dismissed and Plurality and
Dissenting Opinions filed June 8, 2006.

Panel consists of Justices
Anderson, Edelman, and Frost.  (Anderson,
J., Plurality; Edelman, J., concurs in result only).