IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00250-CV

 

In re
Maurice Mitchell

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Relator Maurice Mitchell, a pro se state prison
inmate, seeks a writ of mandamus against Respondent, the Honorable Kenneth H.
Keeling, Judge of the 278th District Court of Walker County, compelling him to
rule on Mitchell’s motion for default judgment.

Background

According to Mitchell’s mandamus petition, in
February 2006, he sued the Texas Department of Criminal Justice, Institutional
Division, and several of its officials and employees for the “negligent
deprivation” of Mitchell’s tangible personal property.  Mitchell states that
the defendants were served and that on February 9, 2006, Respondent ordered the
defendants, through the Attorney General of Texas, to answer Mitchell’s suit
within sixty days.

Mitchell’s petition avers that when no answer was
filed, he filed his first motion for default judgment on May 1, 2006, and then
on July 28, 2006, he filed his second “nonsuperseding” motion for default
judgment with attached documentation supporting the propriety of entry of a
default judgment.  Mitchell pleads that on November 28, 2006, he filed a
“Request for the Court to Rule on his Nonsuperseding Motion for Default
Judgment,” and when Respondent did not rule on the motion, on March 29,
2007—about eleven months after the motion for default judgment had been
filed—he filed his “Second Request for Ruling.”

Mitchell states that because of his imprisonment,
he cannot provide us a record of the above events, and his petition requests
that we order the trial court clerk to provide us with a clerk’s record.  For
the following reasons, we will not require such a record in this proceeding: 
(1) Mitchell’s mandamus petition contains adequate specificity of the relevant
events; (2) his petition includes an unsworn declaration under chapter 132 of
the Civil Practice and Remedies Code; and (3) no response contesting Mitchell’s
factual allegations has been filed.

Mitchell seeks a writ of mandamus compelling
Respondent to rule on Mitchell’s motion for default judgment.  We requested a response
to the mandamus petition, but neither Respondent nor the Attorney General filed
one.

Applicable Law

We will grant mandamus relief if there has been an
abuse of discretion and the relator has no adequate remedy by appeal.  In re
Prudential Ins. Co., 148 S.W.3d 124, 135-38 (Tex. 2004) (orig. proceeding);
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A
trial judge has a reasonable time to perform the ministerial duty of
considering and ruling on a motion properly filed and before the judge.  In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig.
proceeding); In re Martinez Ramirez, 994 S.W.2d 682,
683-84 (Tex. App.—San Antonio 1998, orig. proceeding).  But that duty generally
does not arise until the movant has brought the motion to the trial judge’s
attention, and mandamus will not lie unless the movant makes such a showing and
the trial judge then fails or refuses to rule within a reasonable time.  See
Chavez, 62 S.W.3d at 228.  Whether the judge has acted within a
“reasonable” period of time depends on the circumstances of the case.  See,
e.g., Martinez Ramirez, 994 S.W.2d at 684 (18 months too long
for trial court not to have ruled on plaintiff-inmate’s motion for default
judgment).

Discussion

As of the filing of Mitchell’s mandamus petition
in August 2007, his motion for default judgment had been on file for fifteen
months.  It has now been on file for about twenty months.  His November 28,
2006 request to Respondent to rule on the motion for default judgment was made
about thirteen months ago.  Under the circumstances alleged by Mitchell,
Respondent has had a reasonable time to rule on Mitchell’s motion for default
judgment.[1]  See
id.

Conclusion

We conditionally grant Mitchell’s petition for
writ of mandamus.  The writ will issue only upon certification to this court
that Respondent has failed to rule upon Mitchell’s motion for default judgment
within 21 days after the date of this opinion.

 

 

 

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Petition
granted and writ conditionally issued

Opinion
delivered and filed January 23, 2008

[OT06]









[1]               We acknowledge the burden of pro se
inmate litigation, but as long as a suit satisfies Chapter 14 of the Civil
Practice and Remedies Code, our judicial system must function for such
litigation as it does for any other.  In addition to providing litigants with
their “day in court,” such functioning will render unnecessary original
proceedings such as this one.








Support for our previous dismissals-on-request can be grouped into three
categories. The three categories are as follows:
      1) A withdrawal of the notice of appeal, that is signed by the defendant and the attorney of
record, is attached to a motion to dismiss the appeal signed only by the attorney of record. See
McClain v. State, 17 S.W.3d 310, 311 (Tex. App.—Waco 2000, no pet.). This is the closest
to strict compliance with the rule that I have observed. The rule does not require a motion to
dismiss, only the filing of the notice-of-withdrawal, in duplicate, personally signed by the
defendant. But I will hasten to add that a separate motion is an effective, but unnecessary,
means of drawing the Court’s attention to the fact that the notice of appeal has been
withdrawn.
      2) A motion to dismiss that is signed by the defendant and the defendant’s attorney of
record. See, e.g. Lopez v. State, No. 10-03-00300-CR, 2004 Tex. App. LEXIS 5665 (Tex.
App.—Waco June 23, 2004, no pet. h.)(not designated for publication); Gamboa v. State, No.
10-03-00374-CR, 2004 Tex. App. LEXIS 1921(Tex. App.—Waco Feb. 25, 2004, no pet.)(not
designated for publication). This is by far the most common form of request to voluntarily
dismiss criminal cases.
      3) A reporter’s record with a statement on the record made by the defendant, with defense
counsel present, that it is the defendant’s desire to dismiss the appeal. See Hendrix v. State, 86
S.W.3d 762, 763-64 (Tex. App.—Waco 2001, no pet.); see also Huzarevich v. State, 2003
Tex. App. LEXIS 10657 (Tex. App.—Waco Dec. 17, 2003, no pet.)(not designated for
publication).
      Each of these alternate procedures that we have accepted accomplishes the same
procedural purpose that the rule is specifically designed to safeguard. It is designed to prevent
the dismissal of a criminal appeal without the consent of the defendant.
      Unfortunately, we recently allowed an alternate procedure which did not comply with the
procedural purpose of the rule. In an unpublished opinion, this Court allowed the dismissal of
an appeal based on an attorney’s representation by affidavit that the defendant agreed to
dismiss the appeal. Smith v. State, No. 10-03-00194-CR, 2004 Tex. App. LEXIS 1918, (Tex.
App.—Waco February 25, 2004, no pet.)(per curiam)(not designated for publication). We
were wrong in dismissing the appeal based on an affidavit of the attorney rather than some
kind of personal affirmation by the defendant. We are wrong again.
      No other alternate procedure has frustrated or ignored the purpose of the rule, that is, until
today. Today, the Court publicly has accepted a new procedure that expressly rejects the
procedural safeguard. Indeed, based on this record, this ruling not only rejects the safeguard,
it tramples upon it.
      A review of the record in this case indicates that there is significant tension between the
defendant and his attorney of record. In response to correspondence from this Court, counsel
writes...
“I spoke with Mike Hartsell on Saturday, April 3, 2004, about signing the Motion to
Dismiss Appeal, and he stated he did not understand why he needed to sign the
motion. I attempted to explain to him that his signature was required under the rules
and that he needed to come to my office to sign the motion. He stated he was not
interested in signing the motion or coming to my office. I told him that I would drive
to his house to obtain his signature and he stated he would not allow me in his house
and that I should not come to his house to get his signature.”

This type of hostility between attorney and client indicates to me that there may be good cause
for someone to inquire into the reason for the hostility. An inquiry that may reveal a defendant
who does not, in fact, want to dismiss the appeal, but who just does not want that attorney
pursuing it and has no idea what to do other than refuse to cooperate.
      And one of the most disturbing aspects of this dismissal is that the letter to us, relied upon
by the majority, does not indicate that it was provided to the defendant. Without any
expression of agreement to the dismissal, we are doing exactly what is contrary to the purpose
of the rule.
      Further, I find it appalling that the majority, so free with taxpayer’s money in other
circumstances, uses that as an excuse not to follow the rules in this instance. See Martinez v.
State, No. 10-03-00128-CR, 2004 Tex. App. LEXIS 4458 (Tex. App.—Waco May 12, 2004,
order)(Gray, C.J., concurring); Davidoff v. GX Tech. Corp., No. 10-03-147-CV, 2004 Tex.
App. LEXIS 3246, *3-4 (Tex. App.—Waco, April 7, 2004, order)(Gray, C.J., dissenting);
Martinez v. State, No. 10-03-00128-CR, 2004 Tex. App. LEXIS 2687, *3-5 (Tex.
App.—Waco Mar. 24, 2004, order) withdrawn, April 22, 2004 (Gray, C.J., dissenting);
Harrison v. TDCJ-ID, No. 10-02-00247-CV, 2004 Tex. App. LEXIS 2719, *22-25 (Tex.
App.—Waco Mar. 24, 2004, order)(Gray, C.J., dissenting); Guerrero v. State, 64 S.W.3d
436, 444 (Tex. App.—Waco 2001, order)(Gray, J., dissenting). At the very least we should
require proof of notice to the defendant like the majority is so quick to require in Anders



appeals. Martinez v. State, No. 10-03-00128-CR, 2004 Tex. App. LEXIS 2687, *1-3 (Tex.
App.—Waco Mar. 24, 2004, order) withdrawn, April 22, 2004; Holt v. State, 64 S.W.3d 434
(Tex. App.—Waco 2001, order); Page v. State, 63 S.W.3d 820 (Tex. App.—Waco 2001,
order).
      I find it terribly ironic that when we have discretion to modify our procedures that could
result in a substantial savings of taxpayer provided resources, the majority rejects the
opportunity. But when the rule clearly specifies what is required, saving judicial resources
becomes the basis for violation of the rule. Other than that observation, I cannot tell you how
to determine when we will needlessly require something additional versus when we will not
require compliance with the rules.
      And if you really want to get down to it, the cost is very nominal because all we need is a
single page from the reporter’s record, if it exists. The Clerk could request it, and we could
all be reassured that dismissal is what the defendant really wants. That page would be the one
on which it would reflect that the defendant “declared in open court that he no longer wished
to pursue his appeal and stated that he accepted the trial court’s decision of finding him guilty
and agreed to the punishment assessed by the Court.” Motion to Dismiss Appeal, p. 1. His
lawyer asserts in the motion to dismiss that this is what happened. It would also provide
additional support for our action to obtain the portion of the reporter’s record of the same
hearing that reflects that “After being questioned by the judge, the Court concluded that
MICHAEL ARTHUR HARTSELL did in fact voluntarily and with an understanding of the
consequences, waived his right to appeal.” Id.
      Because the procedure utilized by the majority to dismiss this appeal is a flagrant violation
of the rules of appellate procedure, I respectfully dissent.
 
                                                                   TOM GRAY
                                                                   Chief Justice

Dissenting opinion delivered and filed June 30, 2004
Publish