**Opinion issued March 30, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00155-CR

———————————

**BUCK ALAN WINTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Case No. 85805-CR

## MEMORANDUM OPINION

Appellant Buck Alan Winton filed a notice of appeal stating that he was challenging the January 29, 2020 denial of his motion for new trial. Although a reporter's record was filed, no clerk's record was filed. The trial court clerk advised

this Court that no financial arrangements were made for the preparation and filing of the clerk's record.

On August 13, 2020, this Court issued an order abating the appeal and remanding to the trial court for a hearing to determine whether appellant wished to pursue his appeal, if retained counsel had abandoned the appeal, if appellant was able to afford the costs of appeal or, if counsel had abandoned the appeal, to appoint new counsel. This Court directed the trial court to file a supplemental clerk's record containing the trial court's findings and a hearing record.

On August 31, 2020, appellant's counsel filed a motion to dismiss the appeal, claiming that appellant no longer wished to pursue the appeal. However, the motion was not signed by appellant, as required. *See* TEX. R. APP. P. 42.2(a). Because the motion did not comply with the rule, this Court denied the motion.

The trial court filed a supplemental clerk's record on September 11, 2020, but this record failed to contain the findings requested. No hearing record was filed. This Court entered a second abatement order explaining that no clerk's record had been filed and that retained counsel had filed a motion contending that appellant no longer wished to pursue his appeal. This Court again requested findings and a hearing record. A supplemental clerk's record was filed on January 28, 2022, but it failed to include findings.

This Court entered a third abatement order on February 1, 2022 again requesting findings. A hearing record and another supplemental clerk's record were filed. In the supplemental clerk's record, the trial court included an excerpt from the hearing record in which the trial court asked retained counsel if appellant no longer desired to pursue his appeal and retained counsel stated that during her last conversation with him, appellant clearly advised her that he no longer wanted to pursue this appeal. Retained counsel also testified to attempts to contact appellant, both by telephone and visiting his residence, but that these attempts were unsuccessful. The trial court then stated on the record that it was making a finding that appellant no longer wished to pursue this appeal.

Based on the trial court's finding that appellant does not want to continue his appeal, cannot be located, and has not cooperated with counsel by maintaining contact with counsel, we conclude that good cause exists to suspend the operation of Rule 42.2(a). *See In re S.W.O.*, 230 S.W.3d 205, 205 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (suspending operation of Rule 42.2(a) and, based on evidence at hearing that appellant no longer wanted to continue appeal, dismissed appeal); *Ex parte Salazar*, Nos. 13-16-00452-CR and 13-16-00453-CR, 2017 WL 2200318, at *1 (Tex. App.—Corpus Christi-Edinburgh Mar. 16, 2017, no pet.) (mem. op., not designated for publication) (suspending operation of Rule 42.2(a) and dismissing appeal based on trial court finding appellant no longer wished to pursue appeal).

Accordingly, we dismiss this appeal. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).