

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-23-00036-CR
## No. 10-23-00037-CR

**REBECCA MARION IVES,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 369th District Court
Leon County, Texas
Trial Court Nos. 20-0032CR and 20-0093CR**

_____

## MEMORANDUM OPINION

_____

In two trial court case numbers, Rebecca Marion Ives was convicted of possession of a controlled substance and bail jumping/failure to appear. Ives was sentenced to 24 months in a state jail facility and four years in prison, respectively. Separate judgments were rendered for each offense. Ives's counsel filed an *Anders* brief in each appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 493 (1967).

In apparent response to the notice from counsel and this Court regarding the right to file a response to counsel's motion to withdraw and brief in support, Ives sent a hand-

written letter stating the following: "I would like to withdraw from the Appeal please." Because of the uncertainty of whether Ives wanted to dismiss one or both of her appeals, and given the procedural posture of the appeals, we stayed the appeals and ordered appellate counsel to confer with Ives to determine her desires regarding both appeals and a planned course of action. Counsel was further ordered to provide a status report of Ives's intentions and desires regarding the appeal within 21 days from the date of the order, and to submit motions, if any, which would be necessary to effectuate Ives's desires.

Counsel has now filed a motion to dismiss each appeal. In each motion, counsel asserted that he met with Ives by telephone and states that Ives wishes to abandon her appeals. Counsel states that Ives expressed an understanding of counsel's evaluation of the case and does not wish to burden the Court with a frivolous appeal. Accordingly, Ives moves to dismiss both of her appeals.

Texas Rule of Appellate Procedure 42.2 provides that "the appellant and his or her attorney must sign the written motion to dismiss…." TEX. R. APP. P. 42.2(a). Ives did not sign either motion. We have previously permitted dismissal even if the appellant has not personally signed the motion to dismiss when it is clear that the appellant wants to dismiss the appeal. *See Hendrix v. State*, 86 S.W.3d 762 (Tex. App.—Waco 2002, no pet.) (statement by appellant on the record). *See also e.g. McGee v. State*, No. 10-16-00136-CR, 2016 Tex. App. LEXIS 6325 (Tex. App.—Waco June 15, 2016, no pet.) (not designated for publication) (letter from appellant attached to motion); *Arnold v. State*, No. 10-12-00098-CR, 2013 Tex. App. LEXIS 1227 (Tex. App.—Waco Feb. 7, 2013, no pet.) (not designated

for publication) (affidavit of appellant attached to motion); *Hartsell v. State*, 143 S.W.3d 233 (Tex. App.—Waco 2004, no pet.) (counsel's statements in motion regarding appellant's refusal to sign motion); *Smith v. State*, No. 10-03-00194-CR, 2004 Tex. App. LEXIS 1918 (Tex. App.—Waco Feb. 25, 2004, no pet.) (not designated for publication) (counsel's statements regarding discussion and approval of dismissal by appellant).

Here, Ives sent to this Court a letter expressing a desire to dismiss at least one of her appeals. Counsel also spoke to Ives on the telephone where Ives stated her desire to counsel to dismiss her appeals who informed this Court of Ives's desires in the motion to dismiss.

Accordingly, we invoke Rule 2 of the Texas Rules of Appellate Procedure to suspend the requirement in Rule 42.2(a) that the defendant sign the motion. *See* TEX. R. APP. P. 2, 42.2(a); *Hendrix v. State*, 86 S.W.3d 762, 762 & n.1 (Tex. App.—Waco 2002, no pet.); *Hartsell v. State*, 143 S.W.3d 233 (Tex. App.—Waco 2004, no pet.). *See also* TEX. R. APP. P. 10.2(c) (items in a motion within the personal knowledge of the attorney signing the motion need not be verified).

Ives's motions are granted, and these appeals are dismissed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Motions granted; appeals dismissed
Opinion delivered and filed January 11, 2024
Do not publish
[CR25]

